UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SANDFORD,<br><br>  Plaintiff,<br><br>  v.<br><br>TERRANOVA DDP, et al.,<br><br>  Defendants. | Case No. 2:25-cv-00808-DC-CSK PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 2) |

Plaintiff James Sandford is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend.

I.     **MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

      Here, Plaintiff's IFP shows that he has a yearly income of $24,000, and pays $2,000 a month in rent. *See* ECF No. 2. Plaintiff has made the required showing under 28 U.S.C. § 1915(a). *See id.* However, the Court will recommend Plaintiff's IFP application be denied because the action is facially frivolous and without merit because it fails to state a claim and lacks subject matter jurisdiction. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of the Complaint that this action is frivolous and is without merit as discussed in more detail below, the Court recommends denying Plaintiff's IFP motion.

///

## II. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

///

### III. THE COMPLAINT

Plaintiff's Complaint was initially filed in the Northern District of California. *See* Compl. (ECF No. 1). The case was transferred to this Court on March 11, 2025. (ECF No. 7.) Plaintiff states that his Complaint is against Sacramento Superior Court Judges Christopher E. Kruger, Richard K. Sueyoshi, and Steven M Gevercer; District Judge Dale A. Drozd of the Eastern District of California, and "the law group represented by Jeff Long." Compl. at 1. In the title of the document, Plaintiff also lists that the Complaint is against "Terranova" and "Lavangie Law Group." *Id.* Plaintiff brings claims for "blatant negligence, misconduct, and conspiracy in handling [his] cases," breach of contract, intentional infliction of emotional distress, gross negligence, defamation, libel, perjury, conspiracy, abuse of process, and abuse of discovery. *Id.*

Plaintiff alleges that Judge Kruger reviewed only two pages of a document and issued a minute order based on "false demurrers." *Id.* at 2. Plaintiff alleges that Judge Sueyoshi dismissed two cases against a law firm without reviewing evidence. *Id.* Plaintiff alleges that Judge Gevercer wrongfully deemed requests for admissions admitted. *Id.* Plaintiff further argues that Judge Drozd "refused to review [his] IFP . . . application" and "showed no concern about issuing the summons." *Id.* Finally, Plaintiff argues that "Jeff Long and Associates" "conspired to break multiple rules and ethical standards." *Id.* at 3.

Plaintiff has filed multiple other documents in addition to his Complaint. (*See* ECF Nos. 2, 3, 11, 12, 13.) Plaintiff filed a document he calls a "brief" (ECF No. 2); a "cease and desist letter" (ECF No. 3); a notice of claims which appears to be a witness list (ECF No. 12), and a declaration and testimony (ECF No. 13). The Court makes clear that it does not construe any of these documents as the complaint, and will analyze ECF No. 1 as the operative Complaint.

Plaintiff also filed a "request" for documents, which is addressed to Terranova and attorney Jeff Long and seeks documents from Terranova and attorney Long. (ECF No. 11.) Discovery requests for documents must be made directly to the opposing parties, and should not be sent to the Court. In addition, discovery may not commence until the

parties have conferred pursuant to Federal Rule of Civil Procedure 26(f), or if another exception is established. *See* Fed. R. Civ. P. 26(d). To the extent Plaintiff is seeking documents from the Court, the request is DENIED as improperly made.

The Court notes that Plaintiff has filed three other cases in this district court: *Sandford v. Terranova*, No. 2:24-cv-03343-DAD-CKD PS, 2025 WL 417715, at *2 (E.D. Cal. Feb. 6, 2025), findings and recommendations adopted by 2025 WL 1248734 (Apr. 30, 2025) ("*Sandford I*") (dismissing without leave to amend claims alleging intentional infliction of emotional distress "caused by Terranova, a court-ordered program, and their insurer," and noting that plaintiff appeared to have an ongoing state court proceeding also against Terranova); *Sandford v. Sacramento PD*, No. 2:25-cv-0434-DC-JDP PS, 2025 WL 587050, at *1-2 (E.D. Cal. Feb 24, 2025), findings and recommendations adopted by 2025 WL 1040816 (Apr. 8, 2025) ("*Sandford II*") (dismissing without leave to amend claims alleging defendants negligently managed plaintiff's daughter's assault case by taking no action after plaintiff filed a report, sent the police a video of the assault, and called and visited the police department); and *Sandford v. Sacramento Police Dept.*, No. 2:25-cv-00106-DJC-CSK PS (E.D. Cal.) (pending action alleging a Sacramento police officer submitted a false police report in March 2009, which resulted in violation of plaintiff's constitutional rights) ("*Sandford III*"). The Court refers to this instant action as "*Sandford IV*."

**IV.   DISCUSSION**

    **A.   Lack of Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the

merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

The *Sandford IV* Complaint fails to establish the Court's subject matter jurisdiction. *See* Compl. The Complaint itself does not assert a basis for jurisdiction, but Plaintiff checked the "federal question" box on the civil cover sheet attached to the Complaint. (ECF No. 1-1 at 1.) The Complaint does not, however, plead a claim based on federal law and does not present any federal questions. Plaintiff's allegations are not based on federal law. Plaintiff alleges claims based on negligence, misconduct, conspiracy, breach of contract, intentional infliction of emotional distress, gross negligence, defamation, libel, perjury, conspiracy, abuse of process, and abuse of discovery. Compl. at 1. Further, the Complaint does not allege that there is diversity of citizenship between the parties where Plaintiff has listed a Sacramento address for himself and has brought claims against four judges based in Sacramento. Compl. at 1. Plaintiff has not stated where "Terranova" or "Lavangie Law Group" are located. Therefore, the Court lacks subject matter jurisdiction.

### B.     Failure to Comply with Federal Rule of Civil Procedure 8

The *Sandford IV* Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Plaintiff lists multiple causes of action but does not describe in detail or provide enough facts to show how each defendant violated Plaintiff's rights. Plaintiff's allegations are conclusory and are not

supported by sufficient facts. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

The *Sandford IV* Complaint is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### C.     Judicial Immunity

Plaintiff brings claims against Sacramento Superior Court Judges Christopher E. Kruger, Richard K. Sueyoshi, and Steven M. Gevercer; and United States District Judge Dale A. Drozd of the Eastern District of California. Under the doctrine of judicial immunity, judges have absolute immunity for their acts related to the judicial process. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985).

Here, Plaintiff alleges that Judge Kruger issued a minute order "based on false demurrers" and reviewed only two pages of a forty-eight-page submission; Judge Sueyoshi dismissed two cases against a law firm without reviewing the evidence; Judge Gevercer improperly deemed requests for admissions admitted; and Judge Drozd refused to review Plaintiff's IFP application in a different case. Compl. at 2-3. The conduct Plaintiff challenges relates to each judge's acts related to their judicial duties. *See id*. Judges Kruger, Sueyoshi, Gevercer, and Drozd have absolute immunity for these acts. *See In re Castillo*, 297 F.3d at 947. Therefore, Plaintiff's claim against Judges Kruger, Sueyoshi, Gevercer, and Drozd should be dismissed. *See id*.

### D.     Leave to Amend

In considering whether leave to amend should be granted, the Court considers that Plaintiff's Complaint does not allege a ground for subject matter jurisdiction, does not comply with the requirements of Federal Rule of Civil Procedure 8, and is barred by

judicial immunity. Based on these deficiencies, it appears granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995). As described above, the Court also notes that Plaintiff had two prior cases in this district court that were dismissed without leave to amend. *See Sandford I*, 2025 WL 417715; *Sandford II*, 2025 WL 587050.

### V.     CONCLUSION

In accordance with the above, IT IS ORDERED that Plaintiff's request for documents (ECF No. 11) is DENIED as moot.

Based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;
2. Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 2, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, sand.0808.25